# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# CENTRAL DIVISION

|  |  |
|---|---|
| In re: ) | Chapter 11 |
| ) | Case No. 23-40446-EDK |
| WORCESTER COUNTRY CLUB ) | |
| ACRES, LLC, ) | |
| ) | |
| Debtor ) | |

## MEMORANDUM OF DECISION

Before the Court is a motion to approve an amended disclosure statement (the "Motion to Approve" and the "Disclosure Statement") filed by Worcester Country Club Acres, LLC (the "Debtor") with respect to the amended plan (the "Plan") filed in this Chapter 11 bankruptcy case. The Country Club Acres Trust (the "Trust") objects to approval of the Disclosure Statement on grounds that the Plan is unconfirmable because it contemplates the sale of real property which the Debtor does not own and the sale of development rights that do not exist. The Debtor argues that a sale may be authorized, as the interests asserted by the Trust are in bona fide dispute. This Court must determine whether 11 U.S.C. § 363(f)(4) would permit a sale prior to a final adjudication of the parties' claims with respect to the property rights at issue.

1

I.    FACTS AND TRAVEL OF THE CASE[1]

The Debtor was formed in March 2004 to develop an age-restricted residential condominium community in Worcester, Massachusetts and acquired land for that purpose on East Mountain Street in May 2004. In September 2005, the Debtor recorded a master deed (the "Master Deed") in the Worcester County Registry of Deeds that created the Country Club Acres Condominium (the "Condominium"). The Trust was established by a declaration of trust recorded concurrently with the Master Deed and is vested with the rights and powers in and with respect to the Condominium's common areas and facilities.

In early 2021, the Trust filed suit against the Debtor in the Massachusetts Land Court (the "Land Court"), asserting that (1) all of the land owned by the Debtor at the creation of the Master Deed (approximately 37.32 acres), with the exception of the units themselves, comprises the common areas of the Condominium and is owned by the Condominium's unit owners as tenants in common; and (2) the Debtor no longer owns certain development rights with regard to the property (the "Development Rights"), because those rights have expired. The Debtor argues that the Master Deed submitted only a portion of the land to the Condominium, that the Debtor continues to own the remaining land (the "Disputed Land"),[2] and that the Development Rights were validly extended through September 2025.

---

[1] In addition to the Disclosure Statement, the Motion to Approve, and the various briefings related thereto, the Court has drawn on other pleadings in this case in describing the disputes between the Debtor and the Trust. Apart from accepting that the parties have a bona fide dispute with regard to the property interests at issue in this case, the Court need not, and does not, make factual findings or rulings with respect to the substance or merits of the disputes related to the extent or existence of the parties' underlying property interests.

[2] The Debtor describes the land in dispute (which it calls the "Reserved Land") as "approximately twenty (20) acres of land adjacent to the Condominium which can be placed into the Condominium, developed, and sold, including two potential units that are improved by a completed residence, two that are improved by a foundation, and twenty-nine that are unimproved." Disclosure Statement 3, June 22, 2023, ECF No. 35.

2

On June 8, 2023, the Debtor commenced this bankruptcy case by filing a voluntary petition under Chapter 11 of the United States Bankruptcy Code,[3] and on August 3, 2023, the Court granted relief from the automatic stay to allow the parties to continue with the Land Court matter. Shortly after the petition date, the Debtor filed the Plan and Disclosure Statement, together with the Motion to Approve that is currently before the Court. Essentially, the Debtor's Plan proposes that the Debtor will sell the Disputed Land and the Development Rights to fund the Plan and provide a distribution for creditors, notwithstanding the unresolved Land Court matters. The Trust, together with certain of the unit owners, has objected to approval of the Disclosure Statement on grounds that the Plan is unconfirmable because it relies on "funding . . . generated solely from property owned by the unit owners without their consent." Trust Obj. 1, July 28, 2023, ECF No. 62.

The Debtor argues that the sale is permitted under § 363(f)(4), and the Trust disagrees. After an initial hearing on the approval of the Disclosure Statement, the Court requested further briefing from the parties on the narrow issue of whether § 363(f)(4) permits the sale of property when there is a bona fide dispute as to the ownership or existence of the property to be sold. Both parties filed supplemental briefs and, at the conclusion of a continued hearing held on October 19, 2023, the Court took the matter under advisement.

II.    POSITIONS OF THE PARTIES

The Trust's argument is relatively straightforward. According to the Trust, because the Debtor may only sell "property of the estate" under § 363(b) or (c), § 363(f)(4) (which permits the sale of property free and clear of certain interests in bona fide dispute) does not permit the sale of property free and clear when the property is subject to disputes regarding ownership (in the case

---

[3] *See* 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code" or the "Code"). All references to statutory provisions are to provisions of the Bankruptcy Code unless otherwise stated.

of the Disputed Land) or is subject to a claim that the property right simply does not exist (in the case of the Development Rights). And because the Plan contemplates the sale of property that the Debtor does not own, the Plan cannot be confirmed, and approval of the Disclosure Statement should therefore be denied.[4]

The Debtor urges the Court to take an expansive view of the power to sell free and clear and argues that "property of the estate" is broadly defined and includes speculative or disputed property interests. Relying on, *inter alia*, *In re Genesys Research. Institute, Inc.*, Case No. 15-12794-JNF, 2016 WL 3583229 (Bankr. D. Mass. June 24, 2016), *In re Eastman Kodak Co.*, No. 12-10202, 2012 WL 2255719 (Bankr. S.D.N.Y. June 15, 2012), *In re NJ Affordable Homes Corp.*, No. 15-60442 (DHS), 2006 WL 2128624 (Bankr. D.N.J. June 29, 2006), and *In re IDL Development, Inc.*, Case No. 18-14808, Order Approving Sale, ECF No. 294 (Bankr. D. Mass. June 14, 2019) and the Transcript of the decision read into the record, August 22, 2019, ECF No. 353, the Debtor says that the sale of the Disputed Land and the Development Rights is permissible under § 363(f)(4) without a final determination as to their ownership (or existence), so long as the Court determines by a preponderance of the evidence that the Debtor has an interest in the property or an objective basis for a claim of an interest in the property. The Debtor maintains "that it is sufficient for authorizing a sale under a bona fide dispute pursuant to Section 363(f)(4) that disputed property '*could* become property of the bankruptcy estate.'" Debtor Suppl. Brief 3 ¶ 6, Aug. 23, 2023, ECF No. 70 (*quoting IDL Dev.*, Order Approving Sale 8).

Here, the Debtor says that, based on its interpretation of the Master Deed and other indicia of ownership, there is an objective basis for asserting its claim of ownership in the property

---

[4] The Trust also argues in its supplemental briefing that a sale of the Disputed Land and Development Rights is impermissible because the Debtor cannot provide adequate protection as required by § 363(e). However, as the Court only requested briefing on § 363(f)(4), the Court will not address the parties' arguments regarding § 363(e) at this time.

4

interests sought to be sold and, therefore, they are property of the estate that can be sold under § 363(f)(4). The Debtor maintains that requiring a final determination of ownership before allowing a sale would render § 363(f)(4) "meaningless," and would undermine the purpose of § 363(f)(4), which was intended to maximize the value of an asset by allowing expeditious liquidation. Furthermore, according to the Debtor, if Congress intended to limit § 363(f)(4) to bona fide disputes only over lien interests in property, it would have said so. Instead, the Debtor maintains that an ownership dispute is a type of "interest . . . in bona fide dispute" to which § 363(f)(4) applies. In sum, because the property interests in the Disputed Land and Development Rights are in bona fide dispute, the Debtor contends that the Plan's contemplated sale of the property interests is permissible under § 363(f)(4), and, therefore, that the Disclosure Statement should be approved.

III.  DISCUSSION

Sections 363(b) and (c) of the Bankruptcy Code allow a trustee (and, by extension, a Chapter 11 debtor in possession, *see* 11 U.S.C. § 1107(a)) to sell "property of the estate."[5] And § 363(f)(4) permits the sale of "property under subsection (b) or (c) . . . free and clear of any interest in such property of an entity other than the estate, only if . . . (4) such interest is in bona fide dispute." 11 U.S.C. § 363(f)(4). Where courts, and the parties here, are divided is on the question of whether property may be sold under § 363(f)(4) free and clear of claimed interests where there is a bona fide dispute regarding whether the property is property of the estate.

---

[5] Subsection (c) permits the use, sale, or lease of estate property "in the ordinary course of business," *see* 11 U.S.C. § 363(c)(1), while the use, sale, or lease of estate property "other than in the ordinary course of business" is permitted by subsection (b), *see* 11 U.S.C. § 363(b)(1). While not specified in the Plan or Disclosure Statement, the Court assumes that any sale of the Disputed Land or Development Rights would be outside the Debtor's ordinary course of business and would be sought pursuant to § 363(b).

5

The Debtor urges the Court to take the approach set forth in *In re Genesys Research Institute, Inc.*, Case No. 15-12794, 2016 WL 358229 (Bankr. D. Mass. June 24, 2016). In *Genesys*, the debtor sought authority to sell property free and clear of liens and interests over an objection that the property to be sold was not property of the bankruptcy estate. *Id.* at *11. The objecting party sought an evidentiary hearing prior to the sale to determine whether the property to be sold was property of the estate. *Id.* at *14. The *Genesys* court stated that "[t]he Bankruptcy Code is silent as to how and when a court should determine whether property subject to a proposed sale is property of the estate," *id.* at *19, and ultimately held that if there was a bona fide dispute as to whether property to be sold was property of the bankruptcy estate, the property could be sold pursuant to § 363(f)(4), *id.* The court then applied an "objective standard" to determine the existence of a bona fide dispute. *Id.* at *20. In short, the *Genesys* court concluded that:

> Section 363(f)(4) does not contemplate or require that the court resolve or determine any dispute about ownership before a sale hearing, but rather requires only an examination of whether there is an objective basis for either a factual or legal dispute about ownership.

*Id.*; *see also In re NJ Affordable Homes Corp.*, No. 05-60442 (DHS), 2006 WL 2128624, at *13 (Bankr. D.N.J. June 29, 2006) (property titled in the name of non-debtors could be sold under § 363(f)(4), because the trustee had "produced sufficient evidence to demonstrate 'an objective basis for either a factual or legal dispute as to the validity of the asserted interests' in the disputed properties") (*citing In re Taylor*, 198 B.R. 142, 162 (Bankr. D.S.C. 1996)); *TransUnion Risk & Alt. Data Sols., Inc. v. The Best One, Inc. (In re TLFO, LLC)*, 572 B.R. 391, 435 (Bankr. S.D. Fla. 2016) (allowing the sale of property under § 363(f) where the bona fide dispute was as to the ownership of the property to be sold).

There are several points on which the Court agrees with various propositions set forth in the *Genesys* case, by the Debtor, and in other cases cited by the Debtor. The Court agrees that the

general "purpose of § 363(f)(4) is to permit property of the estate to be sold free and clear of interests that are disputed by the representative of the estate so that liquidation of the estate's assets need not be delayed while such disputes are being litigated." *Genesys*, 2016 WL 3583229 at *19 (quoting *Moldo v. Clark (In re Clark)*, 266 B.R. 163, 171 (B.A.P. 9th Cir. 2001)). The Court does not quibble with the standards for determining whether a bona fide dispute exists within the meaning of § 363(f)(4). *See, e.g., In re Robotic Vision Sys., Inc.*, 322 B.R. 502, 506 (Bankr. D.N.H. 2005) ("At a minimum, a party must articulate in a pleading or in an argument an objective basis sufficient under the facts and circumstances of the case for the court to determine that a bona fide dispute exists."). And the Court recognizes that "property of the estate as defined by § 541(a) includes contingent and disputed property interests of the debtor" that can be sold under § 363. *In re Eastman Kodak Co.*, No. 12-10202, 2012 WL 2255719, at * 3 (Bankr. S.D.N.Y. June 15, 2012); *see also Gorka v. Joseph (In re Atlantic Gulf Cmtys. Corp.)*, 326 B.R. 294, 300 (Bankr. D. Del. 2005).

Where this Court parts ways with the *Genesys* analysis and similar analyses of other courts, however, is the use of § 363(f)(4) to allow a sale when the dispute, however bona fide, regards whether the interest to be sold is indeed property of the estate to begin with. The *Genesys* court stated that the Code is silent as to "when a court should determine whether property subject to a proposed sale is property of the estate." 2016 WL 3583229 at *19. This Court disagrees. By its very structure, the Bankruptcy Code requires a determination of whether property is property of the estate (and thus may be sold) prior to any analysis as to whether a particular interest in property is in bona fide dispute under subsection (f)(4).

Subsection (f)(4) permits the sale of property free and clear of an interest in bona fide dispute only to the extent that the property may be sold under subsections (b) or (c). 11 U.S.C.

7

§ 363(f) ("The trustee may sell property *under subsection (b) or (c)* of this section free and clear of any interest in such property of an entity other than the estate, only if . . . .") (emphasis supplied). And subsections (b) and (c), in turn, authorize the sale of property by the trustee or debtor in possession *only* if the property is "property of the estate." 11 U.S.C. §§ 363(b)(1), (c)(1). Accordingly, "[i]mplicit within the statutory grant of authority to sell property under section 363 . . . is the requirement that the estate actually have an interest in the property to be sold." *Atlantic Gulf*, 326 B.R. at 298-99. Simply put, "[a] bankruptcy court may not allow the sale of property as 'property of the estate' without first determining whether the debtor in fact owned the property." *Warnick v. Yassian (In re Rodeo Canon Dev. Corp.)*, 362 F.3d 603, 608 (9th Cir. 2004).[6,7]

Here, the Debtor is not proposing to sell merely its contingent or disputed interests in the Disputed Land and the Development Rights – a sale that would likely be permissible, *see Atlantic Gulf*, 326 B.R. at 300 (allowing the sale of property by the trustee by quitclaim deed, which would "convey whatever interest the estate may have in the Disputed Property"). Instead, the Debtor's Chapter 11 Plan contemplates the sale of the Disputed Land and the Development Rights

---

[6] While the *Rodeo* opinion was subsequently withdrawn and superseded, *see* 126 Fed. Appx. 353 (9th Cir. 2005), that withdrawal was prompted by the parties' subsequent resolution of issues regarding the ownership of the property. The proposition for which *Rodeo* is cited – that a sale of property under the auspices of the Bankruptcy Code cannot be authorized absent a determination that the property is property of the bankruptcy estate – continues to be followed in the Ninth Circuit. *See, e.g., In re Barstad*, No. 17-60586-13, 2017 WL 6033414, at *5 (Bankr. D. Mont. Dec. 1, 2017); *Hey v. Silver Beach, LLC (In re Silver Beach, LLC)*, No. NV-09-1049, Bankr. No. 08-13995-MKN, 2009 WL 7809002, at *6 (B.A.P. 9th Cir. Nov. 3, 2009).

[7] *See also, e.g., Ross v. A V Car & Home, LLC (In re Brown)*, Case No. 16-00466, A.P. No. 18-10026, 2019 WL 413625, at *3 (Bankr. D.C. Jan. 31, 2019) (court may not authorize sale of property where ownership of a portion of the property is in dispute); *In re Whitehall Jewelers Holdings, Inc.*, No. 08-11261 (KG), 2008 WL 2951974, at *4 (Bankr. D. Del. July 28, 2008) (consigned goods could not be sold without first determining that the goods were property of the bankruptcy estate); *In re Claywell*, 341 B.R. 396, 398 (Bankr. D. Conn. 2006) (trustee could not sell property where estate did not hold clear title to the property); *Darby v. Zimmerman (In re Popp)*, 323 B.R. 260, 268 (B.A.P. 9th Cir. 2005) (bankruptcy court may not allow the sale of property without first determining whether the debtor owned the property); *Clark*, 266 B.R. at 172 (before determining that property may be sold, "[t]he threshold question, is it still property of the estate, must first be decided").

8

themselves, free and clear of any asserted ownership interest or argument that the Development Rights are nonexistent, prior to a resolution of the disputes regarding those property interests. Because the ownership of the Disputed Land and the existence of the Development Rights must be adjudicated in order to determine if they are property of the Debtor's bankruptcy estate, they cannot be sold under § 363(b) or (c) and pursuant to § 363(f)(4) prior to a resolution of those issues.

The Debtor has raised additional arguments in support of its contention that this Court should follow the *Genesys* approach. First, the Debtor says that requiring a resolution of ownership disputes prior to authorizing a sale under § 363 will render subsection (f)(4) "meaningless." But interests in property take myriad forms, many of which a debtor may sell free and clear of pursuant to § 363(f)(4), so long as the dispute is not as to the fundamental question of whether the property is property of the bankruptcy estate. *See, e.g., Mass. Dep't. of Unemp. Assistance v. OPK Biotech, LLC (In re PBBPC, Inc.)*, 484 B.R. 860, 867-70 (B.A.P. 1st Cir. 2013) (discussing a variety of non-ownership property interests that have been held to fall within the purview of § 363(f)(4)).

The Debtor also implores this Court to allow a sale quickly, as the value of the property interests may decline with the passage of time (or may expire, in the case of the Development Rights). The Court sympathizes with the Debtor's appeal to expediency. However, while in many cases § 363(f)(4) may allow the sale of property expeditiously and without the need for final adjudication of certain liens and interests in property, the Court cannot circumvent the plain text of the Bankruptcy Code (i.e. that only property of the estate may be sold) in the pursuit of that expediency.[8] *Lamie v. U.S. Trustee*, 540 U.S. 526, 534 (2004) ("It is well established that 'when

---

[8] The Court has granted relief from the automatic stay to enable the parties to continue with the Land Court litigation, and the Debtor has chosen not to attempt to remove that litigation to this Court pursuant to 28 U.S.C. § 1452 and Federal Rule of Bankruptcy Procedure 9027. Accordingly, the disputes as to the ownership of the Disputed Land and the existence of the Development Rights will be resolved by the Land Court, which this Court is confident will adjudicate those issues as promptly as is practicable.

9

the statute's language is plain, the sole function of the courts – at least where the disposition required by the text is not absurd – is to enforce it according to its terms.'") (*quoting Hartford Underwriters Ins. Co. v. Union Planters Bank, N. A.*, 530 U.S. 1, 6 (2000)).

IV. <u>CONCLUSION</u>

For all the foregoing reasons, the Court concludes that the Plan is currently unconfirmable, as it contemplates a sale of property prior to the resolution of whether the Debtor owns the Disputed Property and whether the Development Rights exist. Because those disputes must be resolved in order to determine that the property is property of the estate that may be sold under §§ 363(b) or (c), the sale may not be authorized under § 363(f)(4) absent such a resolution. And because the Plan, in its current form and under the current circumstances, cannot be confirmed, the Debtor's Motion to Approve the Disclosure Statement for the Plan will be DENIED. *See In re Mahoney Hawkes, LLP,* 289 B.R. 285, 294 (Bankr. D. Mass. 2002) (approval of disclosure statement may denied where "plan is so fatally and obviously flawed that confirmation is impossible") (*quoting In re Bjolmes Realty Trust,* 134 B.R. 1000, 1002 (Bankr. D. Mass. 1991)). A separate order in conformity with this memorandum will issue forthwith.

DATED: November 7, 2023                By the Court,

                                                            Elizabeth D. Katz
                                                          United States Bankruptcy Judge